IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHARLES F. CARDONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 06-152-KAJ |
| | ) | |
| POLICE CHIEF KEITH BANKS, | ) | |
| POLICE OFFICER PFC R. TYLER | ) | |
| WHITMAN, and POLICE OFFICER | ) | |
| SGT. BENNY MITCHELL, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

Plaintiff Charles F. Cardone ("Cardone"), an inmate at the Delaware Correctional Center, Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 2, 7.) The Court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

For the reasons discussed below, the claims against Chief of Police Keith Banks and Sgt. Benny Mitchell are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**I.    THE COMPLAINT**

Cardone alleges that on September 7, 2004, while in Rehoboth Beach, Delaware, he was punched in the head and taken to the ground or floor of a store and then handcuffed. (D.I. 1, Ex.) He alleges that defendant Rehoboth Police Officer PFC Robert T. Whitman ("Whitman") tried to break his left arm and tried to crush his skull, and that Whitman tried to injure and kill him. *Id.*

Cardone filed a complaint against Whitman with Chief of Police Keith Banks ("Banks"). Banks acknowledged receipt of the complaint and advised Cardone that Police Officer Sgt. Benny Mitchell ("Mitchell") would conduct an investigation into Cardone's allegations. (D.I. 1, Ex.) After Mitchell completed his investigation, Banks advised Cardone of Mitchell's findings.

Cardone alleges that the defendants violated his Eight Amendment[1] right to be free from cruel and unusual punishment. He seeks compensatory and punitive damages.

## II.   STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

*Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner,* 404 U.S. 519, 520-521 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver,* 82 F.3d 63, 65 (3d Cir. 1996) (citing *Holder v. City of*

---

[1] Excessive force claims arising out of an arrest are analyzed under the Fourth Amendment, *Graham v. Connor,* 409 U.S. 386 (1989), excessive force claims for pretrial detainees are analyzed under the Fourteenth Amendment, *Sylvester v. City of Newark,* 120 Fed.Appx. 419, 423 (3d Cir. 2005), and excessive force claims for those convicted of a crime are analyzed under the Eighth Amendment, *Graham v. Connor,* 490 U.S. at 395 n. 10.

*Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). An action is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995). Additionally, a *pro se* complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

### III. ANALYSIS

Cardone names as defendants Chief of Police Banks and Sgt. Mitchell, alleging that they violated his Eighth Amendment right to be free from cruel and unusual punishment. When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

The claims against Banks and Mitchell are frivolous. There are no allegations in the complaint that lead to the conclusion they violated Cardone's constituitonal rights. Rather, the exhibits provided by Cardone, indicate that Banks responded to Cardone's complaint against Whitman by assigning Mitchell to investigate the matter. Other than the exhibits, Cardone makes no allegations against these defendants. Indeed, there is nothing to suggest or even hint that Banks and Mitchell deprived Cardone of a federal right.

The claims against Banks and Mitchell lack an arguable basis either in law or in fact. Therefore, the claims against Banks and Mitchell are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## IV. CONCLUSION

IT IS THEREFORE ORDERED as follows:

1. The claims against Chief of Police Keith Banks and Sgt. Benny Mitchell are DISMISSED without prejudice as legally and factually frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

2. Cardone has raised what appears at this point to be a cognizable excessive force claim against PFC R. Tyler Whitman. He is allowed to PROCEED with this claim.

IT IS FURTHER ORDERED that:

1. The clerk of the court shall cause a copy of this order to be mailed to the plaintiff.

2. Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), Charles F. Cardone shall complete and return to the clerk of the court an **original** "U.S. Marshal-285" form for the **remaining defendant, PFC R. Tyler Whitman,** as well as for the **Chief Executive Officer for the City of Rehoboth Beach.** Additionally, Cardone shall provide the Court with one copy of the complaint (D.I. 1) for service upon the remaining defendant. **Furthermore, Cardone is notified that the United States Marshal will not serve the complaint until all "U.S. Marshal 285" forms have been received by the clerk of the court. Failure to provide the "U.S. Marshal 285" forms for the remaining**

**defendant and the chief executive officer for the City Rehoboth Beach within 120 days of this order may result in the complaint being dismissed or defendant being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

3. Upon receipt of the form(s) required by paragraph 2 above, the United States Marshal shall forthwith serve a copy of the complaint, this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon each of the defendant(s) so identified in each 285 form.

4. Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

5. Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

6. No communication, including pleadings, briefs, statement of position, etc., will be considered by the Court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

7.  **NOTE:** *** When an amended complaint is filed prior to service, the Court will **VACATE** all previous Service Orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). ***

8.  **NOTE:** *** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. ***

_____
UNITED STATES DISTRICT JUDGE

June 15, 2006
Wilmington, Delaware